UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE RODRIGUEZ, EMILY KATHLEEN RENEE RODRIGUEZ, GEORGE LEE ESTEBAN RAMON RODRIGUEZ, and JULIE RODRIGUEZ on behalf of the Estate of Renee Rodriguez, | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 3:26-CV-1314-X |
| THORATEC CORPORATION, SJM THUNDER HOLDING COMPANY, ABBOTT CARDIOVASCULAR, and DOES 1 through 100, | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Thoratec Corporation, SJM Thunder Holding Company, Abbott Cardiovascular, (collectively the "Manufacturers"), and Does 1 through 100's motion to dismiss. (Doc. 12). Having considered the motion to dismiss, response, reply, supplemental briefing, and applicable law, the Court **GRANTS** the motion to dismiss. Additionally, the Court **DENIES AS MOOT** the Manufacturers' motion for oral argument (Doc. 55).

## I. Background

This is a products liability case. Plaintiffs Julie Rodriguez, Emily Kathleen Renee Rodriguez, George Lee Esteban Ramon Rodriguez, and Julie Rodriguez on behalf of the estate of Renee Rodriguez (the "Rodriguezes") are related to Decedent

Renee Rodriguez, who was a Texas resident. The Rodriguezes allege that the Manufacturers designed, manufactured, and sold the HeartMate 3 device that was implanted in the Decedent, and further allege that defects in the HeartMate 3 device caused Decedent's death.

The HeartMate 3 is an FDA Class III medical device. Class III medical device manufacturers must obtain pre-market approval from the FDA prior to marketing. When a Class III medical device receives pre-market approval, manufactures must comply with the FDA's post-market regulations to monitor device safety and performance.

The Rodriguezes allege that the Manufacturers knew about numerous adverse events (including events involving the type of blood flow loss Decedent allegedly suffered from), failed to follow FDA regulations in investigating and reporting adverse events, and failed to follow Current Good Manufacturing Practices in producing the HeartMate 3 devices. The Rodriguezes attribute Decedent's death to these alleged failures and cite later-in-time device recalls in support.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but

---

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

## III. Analysis

The Rodriguezes bring claims for (1) strict liability: failure to warn, (2) negligence, (3) wrongful death, and (4) survival, and also request punitive damages.[8] The Manufacturers argue that federal law expressly and impliedly preempts the Rodriguezes' claims, and that the Rodriguezes fail to state a claim.[9] The Court agrees with the Manufacturers.

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (citing *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)).

[8] Doc. 1-1 ¶¶ 39, 53, 65, 72, 79.

[9] Doc. 12 at 1–2.

### A. Preemption

The Manufacturers argue that federal law expressly and impliedly preempts the Rodriguezes' claims. Preemption is an issue of law for the court, and preempted claims can result in dismissal at the pleading stage.[10] So the Court will address the Manufacturers' express and implied preemption arguments in turn.

*Express Preemption*

Federal law expressly preempts the Rodriguezes' claims. The Medical Device Amendments[11] contain an express preemption provision that prevents States from establishing "any requirement . . . which is different from, or in addition to, any requirement applicable . . . to the device" under federal law.[12] The Medical Device Amendments also bar States from establishing requirements that "relate[] to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device" under federal law.[13] Under *Reigel*, courts conduct a two-step express preemption test analyzing (1) whether the federal government established requirements applicable to the device at issue; and (2) whether the state law claims create requirements that are different from, or in addition to, federal law, and that relate to the safety and effectiveness of the device.[14]

---

[10] *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 310 (2019) ("We here decide that a judge, not the jury, must decide the pre-emption question."); *see Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 966 & n.6 (S.D. Tex. 2016) (collecting cases).

[11] 21 U.S.C. § 360c *et seq*.

[12] 21 U.S.C. § 360k(a)(1) (cleaned up); *see Riegel v. Medtronic, Inc.*, 552 U.S. 312, 316 (2008).

[13] 21 U.S.C. § 360k(a)(2) (cleaned up); *see Riegel*, 552 U.S. at 316.

[14] *Riegel*, 552 U.S. at 321–22; *see also Sims v. Medtronic, Inc.*, No. 3:20-CV-02872-X, 2021 WL 2291014, at *2 (N.D. Tex. June 4, 2021) (Starr, J.).

Express preemption applies under the *Reigel* test here. First, step one is met because the HeartMate 3 is a Class III device that received pre-market approval.[15] Second, step two is met because the Rodriguezes' state law claims differ from or add to federal requirements and relate to the HeartMate 3's safety or effectiveness. Because the Rodriguezes' State law claims would impose inconsistent obligations on the Manufacturers and undermine the FDA's plenary authority to amend device regulations and requirements, express preemption applies.[16] Accordingly, the Court **GRANTS** the Manufacturers' motion to dismiss.

*Implied Preemption*

Federal law also impliedly preempts the Rodriguezes' claims. When "it is impossible for a private party to comply with both state and federal requirements," the state laws are impliedly preempted.[17] The Medical Device Amendments give the FDA the power to enforce its regulatory requirements without state interference.[18] Only state causes of action that parallel federal regulations are not preempted.[19]

The Rodriguezes' claims are impliedly preempted because their state claims are not parallel to federal regulations. Congress made enforcing FDA regulations the FDA's prerogative, so the Court cannot give the Rodriguezes a private right of action

---

[15] *Hughes v. Bos. Sci. Corp.*, 631 F.3d 762, 768 (5th Cir. 2011) ("*Riegel* established that any Class III device receiving [pre-market] approval by the FDA will satisfy this first prong of the test.").

[16] *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 929–31 (5th Cir. 2006).

[17] *Mut. Pharm. Co. v. Bartlett*, 570 U.S. 472, 480 (2013) (cleaned up).

[18] 21 U.S.C. § 360k(a); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347–48 (2001).

[19] *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001); *Bass v. Stryker Corp.*, 669 F.3d 501, 509 (5th Cir. 2012).

to enforce FDA regulations.[20] Because the Rodriguezes fail to state a parallel claim for any cause of action, federal law impliedly preempts their claims.[21] Accordingly, the Court **GRANTS** the Manufacturers' motion to dismiss.

### B. Merits Claims

The Rodriguezes also fail to state a claim without accounting for preemption. The Rodriguezes plead the following causes of action: (1) strict liability: failure to warn, (2) negligence, (3) wrongful death, and (4) survival.[22] But the Rodriguezes fail to sufficiently plead facts to support any of these claims. Because the Rodriguezes' pleadings are conclusory, the Court **GRANTS** the Manufacturers' motion to dismiss.

## IV. Conclusion

For these reasons, the Court **GRANTS** the Manufacturer's motion to dismiss (Doc. 12) and **DISMISSES WITHOUT PREJUDICE** the claims asserted against the Manufacturers. The Court accordingly **DENIES AS MOOT** the Manufacturers' motion for oral argument. (Doc. 55). Furthermore, the Court's current scheduling order and (Doc. 39) all pending deadlines in this matter, including the trial date, are **VACATED** and the Court **DENIES AS MOOT** the Manufacturer's motion to amend scheduling order. (Doc. 49). The Rodriguezes may file an amended complaint by no

---

[20] *See Buckman*, 531 U.S. at 344.

[21] The Rodriguezes dispute whether Texas or California tort law applies. Doc. 18 at 9. The Court need not reach this dispute because the Complaint insufficiently specifies a causal connection between the manufacturing process failure and the personal injury. *Funk*, 631 F.3d at 782. But the Court notes that the Rodriguezes' own Complaint bases their causes of action on "Texas state law duties," and notes that Decedent lived in Texas at all relevant times. *See* Doc 1-1 ¶¶ 1, 40, 54.

[22] It is undisputed that the Rodriguezes' wrongful death and survival claims require a valid underlying claim to survive. Doc. 18 at 29. The Rodriguezes did not plead valid failure to warn or negligence claims, so their wrongful death claims, survival claims, and punitive damages requests fail.

later than 28 days after this Order. Should the Rodriguezes fail to file an amended complaint, the Court will issue a final judgment dismissing the case with prejudice.

**IT IS SO ORDERED** this 4th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE